UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                             Case No.  21-20481
                                Honorable Victoria A. Roberts

DARIUS CREDIT,

     Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE EMERGENCY MOTION FOR RELEASE ON UNSECURED BOND OR JUDICIAL ORDER THAT DEFENDANT BE HOUSE AT THE FEDERAL DETENTION CENTER [ECF No 27]

## I.    INTRODUCTION

Mr. Credit filed the above motion. It is fully briefed. The Court

**DENIES** this motion **WITHOUT PREJUDICE**.

## II.    BACKGROUND

Mr. Credit is currently housed in the Saginaw County Jail. His

attorney, Andrew Densemo, seeks the above relief, which is actually two

requests.

As the Government points out in its papers, the first request is that

the Court review Magistrate Judge Altman's decision to deny Mr. Credit

bond.  Defense counsel says that if the Court grants his client an

unsecured bond, he will immediately be taken into custody by the Michigan

Department of Corrections because of a parole hold, and will be placed in a

more suitable state facility.

However, the defendant fails to address the factors in 18 U.S.C. §

3142(g).

Magistrate Judge Altman held:

> The Court's findings and reasons for ordering
> detention, including its consideration of the factors
> listed in 18 U.S.C. § 3142(g), were stated on the
> record at the July 19, 2021 hearing and are fully
> incorporated by this reference. At that time, the Court
> found: (a) by a preponderance of the evidence that
> there is no condition or combination of conditions
> which will reasonably assure Defendant's
> appearance; and (b) by clear and convincing
> evidence that there is no condition or combination of
> conditions which will reasonably assure the safety of
> the community.  This evidence was discussed on the
> record in support of the Court's reasoning, and
> includes, but is not limited to evidence that
> Defendant: (1) has a history of non-compliance with
> supervision; (2) has an unstable living situation and
> is reportedly currently homeless; (3) has an
> extensive criminal history dating back to his youth
> with the most serious being an armed robbery charge
> for which he served a substantial custodial sentence;
> (4) was on parole for the armed robbery offense at
> the time of the alleged offenses; (5) is alleged to have
> violated his parole not only by the instant charges but
> for failing to report, violating curfew, and allegedly
> assaulting/threatening an ex-girlfriend.  The Court
> agrees with the recommendation of pretrial services
> that there are no conditions or combination of
> conditions which would reasonably assure

> Defendant's appearance or the safety of the community. Detention is warranted.

[ECF No. 14, PageID.21].

Nothing has changed since Judge Altman denied Mr. Credit bond. The Court denies this request.

Defendant's second request is different. His motion outlines the difficulties defense counsel has had meeting with his client (travel time is 2 hours one way.) Counsel also says that Mr. Credit is unable to review electronic discovery; is not given regular changes of clothing; is preyed on by gangs; and must pay for medical and dental care and calls to his attorney.  Mr. Densemo asks the Court to place Mr. Credit at Milan or the Sanilac County Jail.  He says conditions in the Saginaw County Jail warrant his transfer.

On two occasions, the Court asked the United States Marshal to investigate allegations made by Mr. Credit. For starters, Mr. Credit was transferred from the Livingston County Jail because he repeatedly threatened staff and self-harm. Livingston requested his transfer - finally - after Mr. Credit damaged a sprinkler head inside a cell causing water damage.

With respect to issues raised in the motion now before the Court, Marshal Cypher answered these questions from the Court:

1.     **Can Mr. Credit go to Milan or Sanilac?**

"Yes, Mr. Credit could be housed at FDC Milan or Sanilac County Jail. However, we typically do not move inmates unless a credible threat or substantial health reasons are deemed a factor. Jails are required to document federal inmate issues as they arise and notify the United States Marshal Service ("USMS") of any substantiated issues."

2.     **How often are changes of clothing given - outer and under?**

"Jumpsuits are washed and changed each week. Exceptions are made if inmate clothing, linens and bedding are soiled. Inmates are not issued undergarments. Through the commissary, inmates are able to purchase t-shirts for $9.56, boxers for $3.52, socks for $1.82, long johns for $19.31. If inmates do not have the funds to purchase these items, they can petition the jail clergy to provide them with these items."

3.     **Are inmates charged for medical and dental services**?

"Per the United States Marshal Service contract with facilities, federal inmates are charged $10 copays for medical. However, inmates who do not have funds to pay for medical service will not be assessed the $10 copay and will not be denied medical care. The $10 copay is written into the housing contract to dissuade inmates from requesting unnecessary medical

4

attention and overburdening the jail's medical resources. Typically, these facilities (not Milan) are better situated to address medical care outside of their facilities because they have dedicated transport teams to take inmates to appointments, hospital, etc."

**4.     Are inmates charged for attorney phone calls?**

"Attorneys can request a phone call session with federal inmates and the jail staff will utilize private rooms with a normal landline at no charge. If federal inmates want to call their attorneys, they are able to make phone calls using the phones in the pod. These phones cost .21 cents per minute."

**5.     How is Mr. Credit able to review electronic discovery and when? Is there only one kiosk in the law library for prisoners to use? How is use scheduled?**

"The law library is available to all inmates from 0500-2300hours. There are multiple kiosks stationed in each pod. There are rotations for the tiers in every four-hour increments. In total, an inmate can have two rotations of the law library use (eight hours) per day. The law library does not permit electronic downloads of evidence. Saginaw County Jail permits attorneys to bring laptops and CDs with evidence on them for the inmates to use privately in an interview room. Saginaw County Jail does not provide laptops. Attorneys have to coordinate this directly with the jail.

"In Mr. Credit's case, Livingston County Jail requested the USMS to transfer Mr. Credit out of its facility for several incidents, including multiple references to suicide by the defendant and damage to property at the Livingston County Jail. Saginaw County Jail addressed multiple complaint issues involving the defendant. I mention this point because the defendant has had issues at every facility at which we have housed him. I am concerned that if there are issues at another facility with this defendant, we will be right back at this point in the future."

## III.   CONCLUSION

Under these circumstances, the Court is hesitant to grant Mr. Credit's motion. Inmates cannot demand transfer to a different facility absent a serious threat to health or safety. None is presented here.

The Motion is **DENIED WITHOUT PREJUDICE**. The motion hearing scheduled for November 29, 2021 at 2:30pm is **cancelled**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  11/19/2021